IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL MYERS                                                        PLAINTIFF
ADC #131205

V.                                   NO.  1:06CV00004 SWW

DR.  LUTHER R.  WHITE                                            DEFENDANT


<u>ORDER</u>

On January 24, 2006, Plaintiff, a pro se inmate currently confined to the Cummins

Unit of the Arkansas Department of Correction, filed this lawsuit (docket entry #3) along

with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915

(docket entry #2).  Plaintiff submitted the proper financial information in compliance with §

1915(a)'s requirements; accordingly, in forma pauperis status was granted.

## I.  Background

Plaintiff has filed a state law medical malpractice/negligence and wrongful death

action against the psychiatrist who was treating him when he murdered his step-father.

According to his complaint, on or about October 20, 2003, an incident occurred that cost

him the life of his step-father and the loss of his freedom for a substantial period of time.

Specifically, Plaintiff claims that Defendant negligently and erroneously prescribed him

Zoloft, Valium, and Xanax[1] for depression and suicidal tendencies and attempts.  Plaintiff

contends that the combination of these drugs caused him to have a dis-associative

psychotic episode wherein he murdered his step-father.  He has no recollection of the

---

[1] Plaintiff claims that Defendant was aware that he was also taking Hydrocodone for back problems and other physical injuries, Soma-compound for muscle spasms, and Amitriptaline for sleep when he prescribed these other medications.

incident happening.  Plaintiff further contends if Defendant had exercised proper judgment and treated him appropriately, his step-father would have been alive today.  He seeks $1,865,000.00 in actual and compensatory damages, $100,000 in punitive damages, and $100,000 in exemplary damages.

## II.  Standard

After granting Plaintiff in forma pauperis status, Plaintiff was notified (docket entry #5) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519,

520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro

se complaints must be liberally construed and held "to less stringent standards than formal

pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III.  Analysis

#### A.    Jurisdiction

As an initial matter, Plaintiff cannot claim federal question jurisdiction pursuant to 28

U.S.C. § 1331.  Federal courts have no inherent subject matter jurisdiction, but instead, are

courts of limited jurisdiction by origin and design.  As a result, there is an initial presumption

that federal courts lack subject matter jurisdiction to resolve a particular suit.  Kokkonen v.

Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A district court may assume federal

question jurisdiction only when an action "arises under" the Constitution, laws, or treaties

of the United States.  U.S. CONST., art. III, § 2; 28 U.S.C. § 1331.  Although Plaintiff is

incarcerated, he does not pursue a 42 U.S.C. § 1983 claim.  Plaintiff neither sues a state

actor nor does he allege a single violation of his constitutional rights; rather, he has filed

an action against a private individual alleging that this individual's actions caused the

wrongful death of Plaintiff's step-father.  There is no federal question involved.

Nor does this Court have jurisdiction pursuant 28 U.S.C. § 1332(a)(1) based on

diversity.  Plaintiff makes no allegation that there is diversity of citizenship between himself

and Defendant White.  In fact, the complaint indicates that both Plaintiff and Defendant are

citizens of the State of Arkansas.  Federal district courts have diversity jurisdiction of civil

actions between "citizens of different states" if the amount in controversy exceeds $75,000.

Id.  Plaintiff seeks a total of $2,065,000.00 from Defendant.  However, even though the

necessary jurisdictional amount has been alleged, the action is not between citizens of

different states as required by the statute.  To sustain diversity jurisdiction, there must be complete diversity between Plaintiff and all defendants.  <u>See</u>, 1 Federal Procedure, Lawyers Edition § 1:59 (2002).  Here, it is clear that Plaintiff and Defendant White are citizens of Arkansas.  Thus, there is no diversity.

**B.    Wrongful Death**

Even if this Court had jurisdiction to hear Plaintiff's claims, his case must still be dismissed.  As with any claim in federal court, a plaintiff seeking relief under 42 U.S.C. § 1983 must satisfy basic constitutional standing requirements.  <u>Smith v. Arkansas Dep't of Corr.</u>, 103 F.3d 637, 643 (8th Cir. 1996).  Article III of the United States Constitution requires that a "case or controversy" exist for standing to bring an action in federal court.  U.S. CONST. art. III, § 2, cl. 1.  For a case or controversy to exist, an individual plaintiff must suffer an "injury in fact" which is fairly traceable to the challenged action of defendants and is likely, as opposed to "merely speculative," to be redressed by a favorable decision.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  In other words, the "injury in fact" test requires "that the party seeking review be himself among the injured."  <u>Id</u>. at 563.  A sufficient injury exists only when there is an invasion of a legally-protected interest that is "concrete and particularized" and "actual or imminent."  <u>Id</u>. at 560.  The rules of standing are designed to "insure that federal courts decide only concrete cases between true adversaries and that the parties fully and adequately present all the possible issues and arguments in support of their claims."  <u>Churchill Truck Lines, Inc. v. United States</u>, 533 F.2d 411, 416 (8th Cir. 1976); <u>see also</u> <u>Nat'l Fed'n of the Blind of Missouri v. Wunder</u>, 184 F.3d 973, 979 (8th Cir. 1999) (recognizing that a party has standing to bring a claim only if it has

4

satisfied constitutional standing requirements <u>and</u> the court has determined as a prudential matter that the party is the appropriate proponent of the legal rights raised).

Plaintiff's complaint can be construed to state both a survival and wrongful death action under Arkansas law.[2]  Ark. Code Ann. § 16-62-101 is the survival action statute and it states in relevant part that:

> (a)(1) For wrongs done to the person or property of another, an action may be maintained against a wrongdoer, and the action may be brought by the person injured or, after his or her death, <u>by his or her executor or administrator</u> against the wrongdoer . . . in the same manner and with like effect in all respects as actions founded on contracts.

<u>Id</u>. (emphasis added).  Plaintiff murdered his step-father; however, he assigns liability for this murder to Defendant White as the true wrongdoer.  In Arkansas, a survival action is statutory, and may be brought after the individual's death only by his or her executor or administrator.  <u>St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County</u>, 73 S.W.3d 584, 588 (Ark. 2002).  The right to recover under the statute, therefore, is wholly dependent upon the complaining party bringing himself within the terms of the statute.  <u>Id</u>.  Plaintiff has failed to establish that he is the executor or administrator of his step-father's estate.  Furthermore, the Court finds it highly unlikely, under the circumstances, that he could.  Similarly, a wrongful death action too is statutory, and only Plaintiff's step-father's personal representative or heirs at law may assert such a cause.  Ark. Code Ann. § 16-62-102 is the controlling statute and it states in relevant part that:

---

[2] The Eighth Circuit has thus far declined to decide whether a wrongful death action may be asserted by family members as a § 1983 claim; however, it has recognized a survival action brought pursuant to § 1983 by the administrator of a deceased inmate's estate.  <u>See</u> <u>Yellow Horse v. Pennington County</u>, 225 F.3d 923, 926-27 (8th Cir. 2000).

> (a)(1) Whenever the death of a person . . . shall be caused by a wrongful act, neglect, or default and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued, then and in every such case, the person or company or corporation that would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person . . .
>
> (b) Every action shall be brought by and in the name of the personal representative of the deceased person.  If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

Id.

Plainly, Plaintiff does not have standing to bring this action in federal court.  It is questionable whether he has alleged a concrete and particularized injury to himself (the death of his step-father and his confinement to prison are the result of his own actions), much less that it is traceable to Defendant's challenged actions (it is also questionable whether Defendant's treatment of Plaintiff led in any way to the murder).  However, these issues need not be decided because, as a prudential matter, Plaintiff has not shown that he is the appropriate proponent of his step-father's legal rights (even if he is, as alleged, his step-son by marriage).  He has failed to establish that he is the personal representative of his step-father's estate.   Again, the Court finds it highly unlikely, under the circumstances, that he could.  Moreover, if there is no personal representative, it is long-settled Arkansas law that only one action may be brought for the death sued on  "so that the entire controversy may be determined and the entire amount recovered and distributed in the single action given by the statute."  See Brewer v. Poole, 2005 WL 914614 (Ark. 2005) (citing McBride v. Berman, 79 Ark. 62, 65 (1906) and St. Louis, I.M. & S. Ry. Co. v. Needham, 52 F. 371, 375 (8th Cir. 1892)).  In construing the wrongful-death statute, the

<u>Poole</u> court held that "the term 'heirs at law' as used in [Ark. Code Ann.] § 16-62-102(b) means 'beneficiaries' as used in § 16-62-102(d). Therefore, where there is no personal representative to bring a wrongful-death action, <u>all</u> statutory beneficiaries must be joined as plaintiffs to the action." <u>Id</u>. (emphasis added). Plaintiff has indicated in his complaint that his mother, at a minimum, is still living. Thus, he may not maintain this wrongful-death action alone. Because Plaintiff does not fall within the terms of either applicable statute, his wrongful death claim against Defendant must be dismissed with prejudice.

## C.    No Constitutional Violation

Even though Plaintiff's complaint can be read to include a claim that he was improperly jailed as a result of Defendant's alleged negligence, there is no constitutional violation. Last the edicts of 42 U.S.C. § 1983 are clear and mandate the dismissal of Plaintiff's medical malpractice/negligence claim:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the <u>deprivation of any rights, privileges, or immunities secured by the Constitution and laws</u>, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

<u>Id</u>. (emphasis added). Plainly, § 1983 relief "is predicated on the denial of a right or interest protected by the Constitution." <u>Dover Elevator Co. v. Arkansas State Univ.</u>, 64 F.3d 442, 445 (8th Cir.1995) (quoting <u>Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama</u>, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).

Although Plaintiff filed a §1983 action, he does not allege a federal constitutional violation against Defendant.  Plaintiff's claim that Defendant prescribed him drugs that caused him to have a dis-associative psychotic episode which in turn caused him to murder his step-father, at most, alleges a state law cause of action for medical malpractice and/or negligence.  Medical malpractice does not violate an inmate's constitutional rights.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Nor can merely negligent conduct support a § 1983 cause of action.  Farmer v. Brennan, 511 U.S. 825, 835 (1994); Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property").  While this Court makes no prediction of Plaintiff's likelihood of success in a state law cause of action, the facts he has alleged herein simply to not state a claim of constitutional magnitude.  Without a constitutional violation, there is no basis to award Plaintiff the relief he seeks.  Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).  Even assuming that each fact alleged by Plaintiff in connection with Defendant is true, neither alone nor in combination do they amount to a constitutional violation.  As such, Defendant cannot be held liable under § 1983 and Plaintiff's claim against him must be dismissed with prejudice.

## IV.  Conclusion

This Court does not have jurisdiction to hear Plaintiff's claims, Plaintiff does not have standing to bring a wrongful death action, and Plaintiff has failed to state a constitutional claim  based on medical malpractice and/or negligence.  For these reasons:

1.	Plaintiff's case is DISMISSED in its entirety WITH PREJUDICE.

2.	Any pending motions are DENIED AS MOOT.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4.      This dismissal counts as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[3]

IT IS SO ORDERED this 30th day of March, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.